IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| J&M MANUFACTURING CO. INC., | Civil Action No. 1:22-CV-00094-CJW-KEM |
| Plaintiff, | |
| v. | Judge CJ Williams |
| | Magistrate Judge Kelly K.E. Mahoney |
| KINZE MANUFACTURING, INC., | |
| Defendant. | ORAL ARGUMENT REQUESTED |

**KINZE'S RESISTANCE TO J&M'S MOTIONS TO AMEND CONTENTIONS (ECF 68) AND THE COMPLAINT (ECF 69)**

**McKEE, VOORHEES & SEASE, P.L.C.**
Glenn Johnson (AT0003856)
Jonathan Kennedy (AT0011458)
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Telephone: 515-288-3667
Facsimile: 515-288-1338
Email: Glenn.Johnson@ipmvs.com
Email: Jonathan.Kennedy@ipmvs.com
Email: mvslit@ipmvs.com

*ATTORNEYS FOR KINZE MANUFACTURING, INC., DEFENDANT*

## TABLE OF CONTENTS

BACKGROUND ........................................................................................................................ 1

PLAINTIFF's MOTION TO AMEND THE AMENDED COMPLAINT (ECF #69) ........... 4

    Amendments Under FRCP 15(a) ........................................................................................ 4

    Amendments under FRCP 16 .............................................................................................. 9

PLAINTIFF'S MOTION TO AMEND PRELIMINARY ......................................................... 10

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*,
  2007 WL 2221029 (N.D. Cal. July 30, 2007) .................................................................. 13

*Bell v. Allstate Life Ins. Co.*, 160 F.3d 452 (8th Cir. 1998) ............................................... 5

*Definitive Holdings, LLC v. Powerteq LLC*, 2022 WL 798863 (D. Utah 2022) ........................ 12

*Dover Elevator Co. v. Ark. St. Univ.*, 64 F.3d 442 (8th Cir. 1995) ................................................ 5

*Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896 (E.D. Tex. 2006) .......................... 12

*Herndon v. Seven Bar Flying Service, Inc.*, 716 F.2d 1322 (10th Cir. 1983), *cert. denied*,
  466 U.S. 958, 104 S. Ct. 2170, 80 L. Ed. 2d 553 (1984) .................................................. 9

*In re EchoStar Commc'n Corp.*, 448 F.3d 1294 (Fed. Cir. 2006) .................................................. 8

*In re Seagate Technology*, 497 F.3d 1360 (Fed. Cir. 2007) ............................................... 8

*Moses.com Sec. Inc. v. Comprehensive Software Sys. Inc.*, 406 F.3d 1052 (8th Cir. 2005) ......... 5

*Nitride Semiconductors Co., Ltd. v. Digi-Key Corp.*,
  2020 WL 13016670 (D. Minn., August 10, 2020) .................................................... 5

*Pavo Sols. LLC v. Kingston Tech. Co. Inc.*, 2018 WL 5099294 (C.D. Cal. July 18, 2018) ....... 13

*Philips N. Am. LLC v. Fitbit LLC*, No. CV 19-11586-FDS,
  2021 WL 5417103 (D. Mass. Nov. 19, 2021) ........................................................ 11

*Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928 (8th Cir. 2000) ............................................ 6

*Rd. Widener, LLC v. Robert H. Finke & Sons, Inc.*, 579 F. Supp. 3d 345 (N.D.N.Y. 2022) .... 12

*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709 (8th Cir. 2008) ............................................... 11

*Vanicek v. Kratt*, 2023 WL 2162723 (D. Neb., Feb. 22, 2023) ....................................................... 6

*Vitale v. Aetna Cas. & Sur. Co.*, 814 F.2d 1242 (8th Cir. 1987) .................................................. 5

**Rules**

FRCP 15 ............................................................................................................................. 4

FRCP 16 ........................................................................................................................... 10

**Treatises**

6 Arthur R. Miller et al., *Federal Practice and Procedure* § 1488 (3d ed. 2020) ........................ 5

By its belated effort to add an entirely new product line to the present patent infringement case, Plaintiff appears to be attempting to further its efforts to avoid claims construction, thus improperly deferring construction to the jury.

## BACKGROUND

Plaintiff's late hour attempt to add a new product line as accused products is based upon Kinze's single auger grain cart publicly introduced and openly displayed by Kinze beginning in the summer of 2023.

The newly accused product is the Kinze Model 1051 single auger grain cart. Beginning August 15, 2023, the Kinze Model 1051 single auger grain (1051) cart was on display at the Dakotafest farm show where it was openly available to the public to inspect in great detail throughout the entire event. Further, on September 19-21, 2023, the 1051 was put shown in Plaintiff's own backyard at The Ohio State University's Farm Science Review – a show where Plaintiff was an exhibitor – and it was open and available for detailed inspection throughout the show. Also, Kinze's marketing brochure regarding the 1051 was publicly available and distributed as of October 2023. *See* Exhibit 1, ¶¶2-4.

Plaintiff was aware of the 1051 grain carts and spout design at the time of the Markman hearing. Following the hearing, a brief discussion was held between counsel as to the differentiation of the 1051 grain cart and the '598 Patent. Structural differences were discussed including the 1051's differing mechanisms to move the grain to the discharge auger, differing mechanisms pertaining to the discharge auger, differing positioning of the discharge auger, and differing flow control spouts.

1

Despite this publicly available information, Plaintiff waited until after the Markman hearing, on the eve of the Christmas holiday and less than two (2) months before the fact discovery deadline, to seek amendment (ECF Nos. 68 and 69).

Mechanical Differentiation – Kinze Single Auger model 1051.

As an example, using the dual auger Kinze Model 1421, the four distinct mechanical differences noted above are discussed. The 1421 is pictured opposite the 1051 based upon documentation in Plaintiff's Amended Complaint.



| Model 1421 (ECF #15, p. 10 of 15) | Model 1051 (ECF #15-2, p. 4 of 4) |

Earlier described to the Court (ECF #27-1, pages 10-11 of 26) and discussed during the tutorial, the dual auger cart moves the grain out of the container via a first auger – a floor auger shown in red to the right, which grain is moved forwardly and out the front wall of the



container into a grain transfer assembly (shown in Gold below). The grain transfer

assembly operates to move the grain into the discharge auger connector (Part #28 below and highlighted in Blue in Slide 16 of Kinze's tutorial above).



| Discharge Auger Connector (#28) Circled in Red | Grain Transfer Assembly (Gold) & #28 Discharge Auger Connect |

The bottom section of the second auger – the vertical discharge auger – is affixed to the top of the discharge auger connector as shown circled in Red below. Grain moves from the grain transfer assembly through the discharge auger connector into the vertical discharge auger and ultimately through the upper auger for off-loading of the grain cart.

In contrast, and as shown in Plaintiff's Amended Complaint (ECF #15-2, p. 4 of 4),



Kinze's Model 1051 single auger grain cart has an entirely different grain discharge mechanism. The general design of a single auger grain cart

uses gravity to move the grain to the lowest point within the container called a sump.

3

This design is employed by Kinze's 1051 model single auger grain cart. Unlike the dual auger grain carts, the vertical discharge auger does not originate and is not positioned completely outside the container. Rather, the lower section of this single auger is built into, and is part of, the container and it takes grain from the sump and moves it out of the container at the left front corner and into an upper auger for discharge. The upper section of the vertical discharge auger is attached to the lower auger section via a flanged hinge assembly which allows for the folding for transport and storage.

Finally, in addition to the differing mechanical structure of the auger assemblies, the geometry of the spout mechanism as to each design also differs. In particular, the auger discharge spout on the 1051 single auger cart is rotated thus positioning the hinges of Kinze's tip spout such that the spout is not parallel with the sidewall of the auger container nor horizontal. *See* Exhibit 1, ¶5. Importantly, these structural differences as to the positioning of the tip spout of the 1051 will require an examination of new claims construction terms as later discussed and, further, will require different and additional expert analysis and opinion.

**PLAINTIFF's MOTION TO AMEND THE AMENDED COMPLAINT (ECF #69)**

**Amendments Under FRCP 15(a)**

Plaintiff acts as if it may amend as a matter of right – it cannot. While there is a liberal policy favoring amendments, this Court is vested with discretion and may deny an amendment to the Complaint which may result, for example, in undue delay, or where there may be a dilatory, or bad faith motive, or where there may be undue prejudice to

4

the non-moving party. *Moses.com Sec. Inc. v. Comprehensive Software Sys. Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).

Here, there would be both undue delay and prejudice to Kinze. As stated in *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998), to deny an otherwise timely motion to amend "prejudice to the nonmovant must also be shown." That said, "As a general rule, the risk of substantial prejudice increases with the passage of time" and therefore "[t]he reasons for the movant's delay certainly should be among the elements that the court evaluates in deciding whether a potentially prejudicial amendment is to be allowed." *See,* 6 Arthur R. Miller et al., *Federal Practice and Procedure* § 1488 (3d ed. 2020).

**Undue Delay**. Undue delay occurs "when a party waits 'until the eleventh hour of its case' to file its motion to amend." *Nitride Semiconductors Co., Ltd. v. Digi-Key Corp.*, 2020 WL 13016670 at *3 (D. Minn., Aug. 10, 2020) (citations omitted); *see also Dover Elevator Co. v. Ark. St. Univ.*, 64 F.3d 442, 448 (8th Cir. 1995) (discovery deadline did not provide adequate time to deal with the new theory of recovery); *Vitale v. Aetna Cas. & Sur. Co.*, 814 F.2d 1242, 1252 (8th Cir. 1987) (amendment may have required additional discovery on the new factual allegations as trial date approached); and *Vanicek v. Kratt*, 2023 WL 2162723 at *5 (D. Neb., Feb. 22, 2023) ("Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000)"). In the present case, after months of public disclosure of the 1051 grain cart design at issue, Plaintiff fully participated in the Markman hearing and, also, conducted an in-person inspection of accused dual auger grain carts at Kinze's

manufacturing facility in Williamsburg, Iowa on November 30th. If Plaintiff's motion is granted, Plaintiff will certainly seek a second product inspection resulting in additional expense and delay. Further, and more significantly, the differing mechanical construct of the 1051 grain cart, including the differing geometry of its spout affixed to the upper discharge auger section, necessitates that the parties, and ultimately the Court, revisit claims construction to address entirely new claim terms. These items are the type of delaying events that support a denial of the Moton to Amend.

**Prejudice to Kinze**.

Markman Process. The claims construction deadline has passed, and the Markman hearing has been conducted. In that earlier process, the claim terms subject to the parties' Markman submissions were identified and of import based upon the mechanical structure of the accused products – the dual auger grain carts. Now, with the differing mechanical structure of the single auger grain carts, at least two new claim terms need to be addressed[1] – (1) "a substantially horizontal axis"; and (2) "said horizontal axis extending substantially parallel to a side wall of said container."

Written Discovery. The deadline for written discovery expired in August of 2023. Thus, Kinze would be deprived of obtaining further discovery from J&M and, potentially, third parties related to Plaintiff's claims of infringement of the '598 Patent pertaining to

---

[1] Claim 1, 7th element: "said discharge spout supporting a flow control spout for tilting movement on a substantially horizontal axis askewed with respect to an axis of said auger within said upper section, with said horizontal axis extending substantially parallel to a side wall of said container, said control spout movable on said horizontal axis,"

6

Kinze's 1051 single auger grain cart absent further extension of the written discovery deadline in this case – thus calling for an amendment to the Scheduling Order.

Damage Discovery. Damage discovery would likewise be negatively affected. How can Kinze reasonably challenge and prepare a defense to Plaintiff's damage claims specific to the single auger grain cart at this late stage? As to the 1051 single auger grain cart, Kinze submits it would need to evaluate whether and the extent of (a) different markets (based on volume and need); (b) different retail pricing; (c) different bill of materials/costs/profits; (d) the valuation/apportionment/replacement part costs related to the cart as a whole related to (i) the upper auger discharge assembly and (ii) the spout.

Experts. Each party has retained experts who are working on the issues present in the existing case. Introduction of the differing mechanical structure of the single auger grain cart would amplify the work required of the experts and, further, the need for a second claims construction process would further hamper the efforts of the experts.

In sum, it is submitted that substantial fact-based reasons abide in differentiating the case of infringement directed at the dual auger grain cart versus the case of infringement directed at the single auger grain cart. These reasons highlight that should the motion to amend be granted, further undue delays and prejudice will be necessitated due to the need for further claims construction issues, additional fact discovery, and expansion of the scope of expert analysis and anticipated opinions.

Advice of Counsel Defense. In the present case, there is no advice of counsel defense asserted. In contrast, regarding the development of the 1051 single auger grain

cart, Kinze may elect to rely upon an advice of counsel defense. If the single auger cart is added to the case, then it will be necessary to set discovery deadlines for Kinze to decide whether to waive privilege and for J&M to take discovery related to the same. Further, if Kinze chooses to waive privilege and rely on opinion of counsel as to the single auger, then issues may arise as to the scope of said waiver. *See, In re EchoStar Commc'n Corp.*, 448 F.3d 1294 (Fed. Cir. 2006) and *In re Seagate Technology*, 497 F.3d 1360 (Fed. Cir. 2007).

If the dual auger and single auger cases are combined, Kinze will be faced with having to decide on the advice of counsel defense and a corresponding waiver of privilege without clarity as to the potential impact upon the dual auger grain cart infringement portion of the case. Further, if Kinze determines to rely upon advice of counsel regarding the single auger grain cart claims, the jury will be confronted with a situation where Kinze has an advice of counsel defense as to one accused product, but not others – a situation which may cause jury confusion as to willfulness determinations and further, improperly imply, that Kinze had a legal obligation to seek out advice of counsel regarding the dual auger grain carts. *See* 35 U.S.C. § 298 - Failure to obtain or present to court/jury advice of counsel regarding the asserted patent "may not be used to prove that the accused infringer willfully infringed the patent . . . ."

Subsequent Remedial Measure. Kinze has determined to revert to the original discharge spout geometric design of the Model 1051 grain cart for its 2024 manufacturing. *See*, Exhibit 1, ¶6. Thus, an issue of subsequent remedial measure may arise, under FRE 407. The policy underlying the rule is to encourage, not discourage post-event modifications. *See generally, Herndon v. Seven Bar Flying Service, Inc.*, 716 F.2d 1322, 1327

8

(10th Cir. 1983), *cert. denied*, 466 U.S. 958, 104 S. Ct. 2170, 80 L. Ed. 2d 553 (1984). If Plaintiff were allowed to introduce evidence related to modification of the spout design for the Model 1051 carts in a trial involving the Accused Products (Kinze dual auger carts), this would adversely affect Kinze's position vis-à-vis the dual auger carts as it may be viewed and argued by Plaintiff that the change of the Model 1051 cart is indicative of infringement of the '598 Patent by the dual auger carts.

<u>Potential Jury Confusion</u>. In addition to potential prejudice pertaining to the advice of counsel defense, there is also the risk of jury confusion discussing two differing structures, including structural/geometric differences related to the tipping spout positioning. Further, each design developed at differing times and in differing ways. Finally, each design would present separate and distinct disputes as to infringement, the damages timeline, and claim terms.

**Amendments under FRCP 16**

Realistically, Plaintiff's Motion to Amend is untenable given the expiration of the written fact discovery deadline in August 2023 as well as the conclusion of the Markman procedures in November. While depositions may occur to the deadline of February 2, 2024, the ability to obtain written discovery as to single auger grain cart issues is gone. Written discovery predating depositions is an important element of case preparation, and Kinze would be denied this opportunity given the present deadlines as set forth in the Scheduling Order. Further, reopening the Markman process would call for modification of the Court's prior Order and deadlines pertaining to claims construction, same of which was a part of the Scheduling Order. These changes would necessitate a new trial date,

9

new trial ready date, new dispositive motions date, new expert disclosure dates, and new fact discovery deadlines.

As a result, Plaintiff's Motion to Amend may practically be viewed as requiring a modification to the Scheduling Order under FRCP 16. Under FRCP 16, such a modification is based upon Plaintiff establishing good cause. Under FRCP 16(b)(4) "[a] schedule may be modified only for good cause and with the judge's consent." *See also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

There is no good cause here given how far the present case has progressed in discovery and claims construction, given the mechanical differences between the accused dual auger grain carts and Kinze's single auger grain cart, given the potential new issue of advice of counsel defense as relates to the single auger grain cart, and given the potential for jury confusion.

### PLAINTIFF'S MOTION TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS (ECF #68)

Kinze further resists this motion by Plaintiff. The infringement contentions deadline was January 27, 2023. Plaintiff has cited to *Philips N. Am. LLC v. Fitbit LLC*, No. CV 19-11586-FDS, 2021 WL 5417103, at *5 (D. Mass. Nov. 19, 2021) to support its motion to amend its infringement contentions. Critically, however, inclusion of newly accused product in Philips was based, in part, on a determination that the newly launched products "are alleged to infringe for the same reason as the currently accused products." The *Phillips* Court further denied the motion which finding included the need to reopen discovery. *Id.* 2021 WL 5417103 at *4. As substantially discussed above, this is not the

factual presentation in this case where the structures differ substantially and invoke additional claim terms for the claim construction process.

There is prejudice to Kinze in allowing supplementation of the infringement contentions as said contentions solely involve and focus upon Kinze's Model 1051 single auger grain cart. The undue delay and, more significantly, the prejudice to Kinze invoked by the addition of these new contentions given the status of the case presents compelling reasons to deny said motion. *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 901–02 (E.D. Tex. 2006) (finding prejudice where amendment would add additional expense for new expert theories and extend discovery deadlines); *see also Rd. Widener, LLC v. Robert H. Finke & Sons, Inc.*, 579 F. Supp. 3d 345, 355 (N.D.N.Y. 2022) (finding prejudice when "new contentions would very likely require additional claim constructions before the issues related to infringement can be litigated, resulting in additional time and expense for both parties"); *Definitive Holdings, LLC v. Powerteq LLC*, 2022 WL 798863, *2–*3 (D. Utah 2022) (denying leave to amend infringement contentions to address a new accused product where the product was publicly available more than seven months before the patentee had served amended final infringement contentions, the court finding that the patentee failed to show diligence in discovering the product, the court rejecting the excuse that the accused infringer's failure to respond substantively to an interrogatory requiring identification of products.); *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 2221029, at *1 (N.D. Cal. July 30, 2007) (finding the plaintiff failed to meet the burden to demonstrate good cause after waiting five months); *Pavo Sols. LLC v. Kingston*

11

*Tech. Co. Inc.*, 2018 WL 5099294, at *2 (C.D. Cal. July 18, 2018) (delay of two months leading to finding of lack of diligence).

## CONCLUSION

Here, Plaintiff's failure to timely raise the motion has resulted in undue delay. Additionally and significantly, undue prejudice to Kinze appears inevitable if the motion to amend is granted as discovery deadlines and claims construction deadlines have already passed. Kinze would not be able to fully discover and/or defend as to the claims of J&M vis-à-vis the single auger grain cart. The same reasoning and prejudice operates as the basis for denial of Plaintiff's Motion to Amend Preliminary Infringement Contentions. Accordingly, Kinze requests the Court deny both of Plaintiff's motions (ECF #68 & ECF #69) amend as the single auger and dual auger grain carts are differing products which require separate discovery, claim construction, and consideration under the '598 Patent.

Respectfully submitted,

McKee, Voorhees & Sease, PLC

/s/ Glenn Johnson
Glenn Johnson

# CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Copy To:

Thomas D Wolle
Simmons Perrine Moyer Bergman PLC
115 3rd St SE, Suite 1200
Cedar Rapids, IA 52401
Phone: (319) 366-7641
Email: twolle@spmblaw.com

*Attorneys for Plaintiff*

Kevin Gerard Rooney
Eric R. Bartlam
Rooney IP LLC
8044 Montgomery Road, Suite 410
Cincinnati, OH 45236
Phone: (513) 470 8541
Email: krooney@rooneyiplaw.com
Email: ebartlam@rooneyiplaw.com

*Attorneys for Plaintiff*

Wilbert B Markovits
Jonathan T. Deters
Markovits Stock & DeMarco LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
Email: bmarkovits@msdlegal.com
Email: jdeters@msdlegal.com

*Attorneys for Plaintiff*

Shawn Blackburn
Justin Nelson
Meng Xi
Ace M. Factor
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Phone: 713-651-9366
Email: SBlackburn@susmangodfrey.com
Email: JNelson@susmangodfrey.com
Email: mxi@susmangodfrey.com
Email: afactor@susmangodfrey.com

*Attorneys for Plaintiff*

*/s/ Glenn Johnson*